# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JAMES AYRES, | |
| Plaintiff | CIVIL ACTION NO. 09-1512 |
| vs. | |
| BERKS COUNTY SHERIFF'S DEPARTMENT, BERKS COUNTY and JOHN DOES 1-10 | |
| Defendants | |

**HENRY S. PERKIN**                                                                                      **March 9, 2010**
**United States Magistrate Judge**

## MEMORANDUM

This matter is before the Court on Plaintiff's Motion to Amend Complaint filed February 9, 2010. The Response of Defendants Berks County and the Berks County Sheriff's Department to Plaintiff's Motion for Leave to File an Amended Complaint was filed on February 17, 2010.[1] A Memorandum of Law in Support of Plaintiff's Motion for Leave to File an Amended Complaint was filed by Plaintiff on February 26, 2010. Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

## I. BACKGROUND

On April 8, 2009, Plaintiff, James Ayres, commenced this action by filing a Complaint against the Berks County Sheriff's Department, the County of Berks, the City of Reading Police Department, and John Does 1-10. See Docket No. 1. The Complaint alleged causes of action under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United

---

[1] On the same day they filed their Response, Defendants filed a memorandum of law in support thereof.

States Constitution[2] against all Defendants for an incident that allegedly occurred on February 2, 2008. See Docket No. 1. On November 5, 2009, by Order of the Court approving a Stipulation of Voluntary Dismissal of the parties, all false arrest and malicious prosecution claims against all Defendants, as well as any other claims against Defendant City of Reading, incorrectly identified as the City of Reading Police Department, were voluntary dismissed with prejudice. See Docket No. 27. Plaintiff's excessive force and Monell[3] claims against Berks County, the Berks County Sheriff's Department and John Does 1-10 remain. See Docket No. 27.

Pursuant to this Court's Rule 16 Scheduling Order, all discovery in this case was completed on January 11, 2010. See Docket No. 25. Within the time period permitted for discovery, counsel for Plaintiff took the depositions of Berks County Deputy Sheriffs Steven A. Walls, Jr. and Tracey Leese.[4] After the close of discovery, on February 9, 2010, Plaintiff filed the instant motion seeking leave to amend his Complaint to identify two of the John Doe Defendants as Deputy Sheriffs Steven Walls and Tracey Leese. See Docket No. 31. Defendants Berks County and the Berks County Sheriff's Department filed their response on February 17, 2010 contending, *inter alia*, that the statute of limitations has run and Plaintiff has failed to proffer any legitimate reason why an amendment should be permitted at this late date. See Docket No. 34.

---

[2] According to the Complaint, these claims sounded in false arrest, wrongful imprisonment, and excessive force.

[3] See Monell v. Department of Social Services of the City of New York, 436 U.S. 658; 98 S. Ct. 2018; 56 L. Ed. 2d 611 (1978).

[4] The depositions were conducted on December 22, 2009. Moreover, we note that Deputy Sheriffs Steven Walls and Tracey Leese were identified by Plaintiff in his initial disclosure statement as individuals likely to have discoverable information to support his claims. See Docket No. 28. The initial disclosure statement was filed by Plaintiff on December 28, 2009. See Docket No. 28.

2

## II. DISCUSSION

Claims, such as those in this case, brought under 42 U.S.C. § 1983 are subject to state statutes of limitations governing personal injury actions. See Owens v. Okure, 488 U.S. 235, 249-250, 109 S. Ct. 573, 581-582, 102 L. Ed. 2d 594 (1989); Garvin v. City of Philadelphia, 354 F.3d 215 (2003). The Pennsylvania statute of limitations for personal injury actions applicable here is two years. Lake v. Arnold, 232 F.3d 360, 368-369 (3d Cir. 2000), 42 Pa. C.S.A. § 5524(7). Federal district courts permit the use of Doe defendants for pleading purposes until plaintiffs can determine the unknown actors' identities. See Williams v. Lower Merion Township, 1995 WL 461246, at *3 (E.D. Pa. 1995)(citations omitted). However, a district court does not have to wait indefinitely for a plaintiff to identify and serve Doe defendants. Id., citing, Glaros v. Perse, 628 F.2d 679, 685 (1st Cir. 1980). If it appears that reasonable steps are not taken to learn the identity of the true party and add him as a defendant, claims against unknown defendants should be dismissed with prejudice. Id., citing, Rodriguez v. City of Passaic, 730 F. Supp. 1314, 1319 n.7 (D. N.J. 1990).

Plaintiff's claims arise from events which allegedly occurred on February 2, 2008. See Complaint at Docket No. 1. Two years from February 2, 2008 is February 2, 2010. Therefore, the last day for Plaintiff to file a complaint within the statute of limitations was Tuesday, February 2, 2010. Plaintiff's motion to amend his Complaint was filed on February 9, 2010, after the statute of limitations had expired.[5]

---

[5] As pointed out by Defendants Berks County and Berks County Sheriff's Department in their brief, Plaintiff does not explain his lack of compliance with the applicable statute of limitations or his failure to attempt to amend his Complaint prior to February 3, 2010. See Docket No. 34. This Court does not understand Plaintiff's failure to join these parties within the applicable statue of limitations. As mentioned earlier, the depositions of Deputy Sheriffs Steven Walls and Tracey Leese were taken by Plaintiff's counsel on December 22, 2009. Following the depositions, on December 28, 2009, Plaintiff identified Deputy Sheriffs Steven Walls and Tracey Leese in his

Because the statute of limitations has run as to Deputy Sheriffs Steven Walls and Tracey Leese, Plaintiff must attempt to avail himself of Rule 15(c) of the Federal Rules of Civil Procedure[6] which provides for the relation back of amendments. Replacing the name John Doe with a party's real name amounts to the changing of a party or the naming of a party under Rule 15(c), and thus the proposed amendments will relate back only if the three conditions specified in that rule are satisfied. Garvin, 354 F.3d at 220, citing, Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 174 (3d Cir. 1977). The conditions Plaintiff must show are as follows:

> (1) that the claim against the parties to be added arose out of the same conduct, transaction, or occurrence set forth in the original complaint, (2) that within the 120-day period for service of the summons and original complaint, the parties to be added have received notice of the institution of the action such that they will

---

initial disclosure statement as individuals likely to have discoverable information to support his claims. See Docket No. 28. Despite this knowledge, Plaintiff waited until February 9, 2010 to substitute these individuals for two of the John Doe Defendants.

[6] Rule 15(c) provides, in pertinent part, as follows:

> (c) Relation Back of Amendments.
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

> not be prejudiced in maintaining a defense on the merits, and (3) that within that same 120-day period of time, the parties to be added must have known, or should have known, that 'but for a mistake,' they would have been named as defendants in the first place.

Garvin, 354 F.3d at 222, citing, Singletary v. Pennsylvania Department of Corrections, 266 F.3d 186, 194 (3d Cir. 2001).

There appears to be no dispute that the proposed amendments naming Deputy Sheriffs Steven Walls and Tracey Leese as Defendants in this matter satisfy the first condition that Plaintiff is required to meet. That is, the claims to be asserted against Deputy Sheriffs Steven Walls and Tracey Leese arose out of the same conduct, transaction, or occurrence set forth in the original complaint. Therefore, the first requirement is satisfied.

The second requirement has been interpreted by the Third Circuit as containing two prongs, notice and the absence of prejudice, each of which must be satisfied. Smith v. City of Philadelphia, 363 F. Supp. 2d 795 (E.D. Pa. 2005)(Brody, J.), citing, Garvin, 354 F.3d at 222. The notice prong of the second requirement demands that the parties to be added received, within 120 days of the filing of the original complaint, notice of the action. Smith, 363 F. Supp. 2d at 799. The notice required by Rule 15(c) can be actual or constructive. Id. Plaintiff does not contend, nor does he produce any evidence to prove, that Deputy Sheriffs Steven Walls and Tracey Leese received actual notice of his action by August 6, 2009, which is 120 days after the filing of his Complaint.[7]

When a plaintiff chooses to rely on constructive notice to satisfy the requirements of Rule 15(c), he can demonstrate such notice either through the "shared attorney" method or the

---

[7] Plaintiff filed his Complaint in this matter on April 8, 2009.

5

"identity of interest" method. Id.; Garvin, 354 F.3d at 223-227.  The shared attorney method requires that a plaintiff demonstrate that there was "some communication or relationship" between the attorney for the named defendants and the parties sought to be added as defendants prior to the expiration of the 120-day period for service of the summons and complaint.  Smith, 363 F. Supp. 2d at 799; Garvin, 354 F.3d at 225.  The identity of interest method requires the plaintiff to demonstrate that the circumstances surrounding the filing of the lawsuit permit the inference that notice was actually received by the parties sought to be added as defendants during the relevant time period.  Garvin, 354 F.3d at 227.

In analyzing the shared attorney method in the context of this case, we conclude that Plaintiff has failed to demonstrate that any communication or relationships existed between the attorney for the original defendants[8] and Deputy Sheriffs Steven Walls and Tracey Leese during the 120-day period after the filing of the original Complaint.  See Smith, 363 F. Supp. 2d at 800 (without evidence of some communication or relationship between the attorney for defendants and the party sought to be added, notice cannot be imputed through the shared attorney method).  Although it appears by the opposition to this motion and the deposition transcripts of Deputy Sheriffs Steven Walls and Tracey Leese that such representation would be intended if these individuals were added to this litigation, such intended representation, if true, still does not satisfy the shared attorney method.[9]  The main inquiry in the shared attorney

---

[8] The record indicates that on May 15, 2009, Matthew Connell, Esquire entered his appearance of record on behalf of Defendants Berks County and Berks County Sheriff's Department.  No appearance, however, was made on behalf of the John Doe Defendants or any individual deputy sheriffs.  See Docket No. 6.

[9] The depositions of Deputy Sheriffs Steven Walls and Tracey Leese were taken by counsel for Plaintiff on December 22, 2009.  Attorney Connell was present at the depositions of Deputy Sheriffs Steven Walls and Tracey Leese and made objections to certain questions asked by Plaintiff's counsel.  Even if a relationship between Attorney Connell and these individuals could be established as of the date of their depositions, it still would

6

method is not whether all defendants shared the same attorney at the time of the motion to amend, but whether the parties to be added shared an attorney with the original defendants within the relevant 120-day period. Smith, 363 F. Supp. 2d at 800 n.9, citing, Gavin, 354 F.3d at 225-226. Plaintiff, therefore, has not met his burden with respect to the shared attorney method of imputing notice.

With respect to the identity of interest method, this Court can impute notice "if the parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation. Garvin, 354 F.3d at 227. However, the Third Circuit has held that "absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)(3) purposes." Garvin, 354 F.3d at 227, citing, Singletary, 266 F.3d at 200. Because the individual deputy sheriffs sought to be added to this action qualify as non-managerial employees and they do not share a sufficient nexus of interests with their employer, the County, we cannot impute notice under the identity of interest method. See Garvin, 354 F.3d at 227, quoting, Singletary, 266 F.3d at 199 (individual police officers have positions in the employment structure similar to the staff psychologist in Singletary as they are "not highly enough placed in the [city] heirarchy for us to conclude that [their] interests as . . . employee[s] are identical to the [city's] interests").

---

not satisfy the shared attorney method because December 22, 2009 falls outside of the requisite 120-day period during which notice must be given.

## III.    CONCLUSION

Because Plaintiff has failed to prove either actual or constructive notice to Deputy Sheriffs Steven Walls and Tracey Lesse within the 120-day period of time pursuant to Rule 15(c), we deny Plaintiff's motion to amend.[10]  An Order consistent with this Memorandum follows.

---

[10]    Because Plaintiff has failed to establish the first prong (i.e. notice) of the second requirement, we need not address the second prong, absence of prejudice.  See Smith, 363 F. Supp. 2d at 799-802.