James Ayres                          :
904 Penn St, Apt. 2-Rear             :
Reading, PA 19602                    :
                    Plaintiff,       :        CIVIL ACTION NO.: 09-1512
          v.                         :
                                     :
Berks County Sheriff's Department, et al  :
633 Court Street, 3rd Floor          :        JURY OF TWELVE (12)
Reading, PA 19601                    :        JURORS DEMANDED
                                     :
                    Defendants.      :

## <u>ORDER</u>

AND NOW this _____ day of _____, 2010, upon consideration of

Plaintiff's Motion for Reconsideration, and any response thereto, it is hereby ORDERED and

DECREED that Plaintiff's Motion is GRANTED, and the Order denying Plaintiff's Motion to

Amend is VACATED.

All proceedings are stayed in the meanwhile. Notice of evidentiary hearing will follow.

**AND IT IS SO ORDERED.**

_____
Henry S. Perkin                          J.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James Ayres | : | |
| 904 Penn St, Apt. 2-Rear | : | |
| Reading, PA 19602 | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 09-1512 |
| v. | : | |
| | : | |
| Berks County Sheriff's Department, et al | : | |
| 633 Court Street, 3rd Floor | : | JURY OF TWELVE (12) |
| Reading, PA 19601 | : | JURORS DEMANDED |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

1.      This is a civil rights matter in excessive force.

2.      Pending before this Honorable Court is Defendants' Motion for Summary Judgment.

3.      On March 10, 2010, this Honorable Court entered its memorandum opinion and order denying Plaintiff's Motion to Amend his Complaint to substitute Deputy Sheriffs Walls and Leese for Defendants, John Does 1 and 2.

4.      In its opinion, this Honorable Court held "Plaintiff has failed to prove either actual or constructive notice… within the 120-day period of time pursuant to Rule 15(c)…" (Docket No. 38).

5.      Specifically within its opinion, this Honorable Court found Plaintiff did not prove any evidence that Deputy Sheriffs Walls and Leese "received actual notice of [t]his action by August 6, 2009…" Id, at p. 5.

6.      In its memorandum opinion, this Honorable Court specifically found Plaintiff "has failed to demonstrate that any communication or relationship exists between the attorney for the Original Defendants and Deputy Sheriffs Walls and Leese…" Id, at p. 6.

7.      In its memorandum opinion, this Honorable Court found "the individual deputy sheriffs… do not share a sufficient nexus of interests with their employer…" <u>Id</u>. at p. 7.

8.      Thus, this Honorable Court held F.R.C.P. 15's actual and constructive notice requirements not met for Plaintiff's failure of proof.

9.      Respectfully requesting reconsideration, the information required to meet Plaintiff's burden of proof is <u>exclusively</u> within the possession of the individual deputy sheriffs.

10.     Thus, respectfully requesting reconsideration, this Honorable Court committed an error of law and mistake in failing to hold an evidentiary hearing whereat Plaintiff can produce evidence through cross-examination of the individual deputy sheriffs of their actual or constructive notice. <u>In re: Color Tile, Inc.</u>, 475 F.3d 508 (C.A.3 2007) (citing <u>In re: Color Tile, Inc.</u>, 92 Fed. Appx. 846 (C.A.3 2004) (Color Tile I).

11.     Without an evidentiary hearing, this Honorable Court created an impossible burden for Plaintiff – requiring Plaintiff produce evidence exclusively in the position of adverse parties.

12.     Otherwise, respectfully requesting reconsideration, this Honorable Court's opinion consisted of impermissible speculation as to what Plaintiff can and cannot prove if given the opportunity.

13.     Because the Order of which Plaintiff seeks reconsideration and an evidentiary hearing is dispositive of Defendants' Motion for Summary Judgment (to which otherwise there may be no defense), Plaintiff requests a stay of all proceedings pending the outcome of this evidentiary hearing.

**WHEREFORE**, Plaintiff requests reconsideration pursuant to F.R.C.P. 59(e) and 60(d) as well as evidentiary hearing.

WEISBERG LAW, P.C.


/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| James Ayres | : | |
| 904 Penn St, Apt. 2-Rear | : | |
| Reading, PA 19602 | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 09-1512 |
| v. | : | |
| | : | |
| Berks County Sheriff's Department, et al | : | |
| 633 Court Street, 3rd Floor | : | JURY OF TWELVE (12) |
| Reading, PA 19601 | : | JURORS DEMANDED |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 19th day of March, 2010, a

true and correct copy of the foregoing Plaintiff's Motion for Reconsideration and to Compel

Depositions was served via ECF upon the following parties:

Matthew J. Connell, Esq.
Holsten & Associates
1 Olive Street
Media, PA 19063

David J. MacMain, Esq.
Lamb McErlane P.C.
24 E. Market Street Box 565
West Chester, PA 19381

WEISBERG LAW, P.C.

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff