IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES AYRES, | : |
| | : CIVIL ACTION NO. 09-1512 |
| Plaintiff | : |
| | : |
| vs. | : |
| | : |
| BERKS COUNTY SHERIFF'S DEPARTMENT, | : |
| BERKS COUNTY and JOHN DOES 1-10 | : |
| | : |
| Defendants | : |

## ORDER

**AND NOW**, this 6th day of May, 2010, upon consideration of Plaintiff's Motion for Reconsideration[1] (Docket No. 43) filed March 24, 2010, and after hearing held May 5, 2010,

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **GRANTED**.[2]

---

[1] Plaintiff seeks reconsideration of this Court's Order dated March 10, 2010, which denied his motion to amend the Complaint to substitute Deputy Sheriffs Steven Walls and Tracey Leese for the John Doe Defendants 1-2 following expiration of the relevant statute of limitations. This Court's March 10, 2010 Memorandum and Order are docketed at Nos. 38-39. Generally, this Court ruled that because Plaintiff failed to prove either actual or constructive notice to Deputy Sheriffs Steven Walls and Tracey Lesse prior to the expiration of the 120-day period for service of the summons and complaint, he could not avail himself of the relation back of amendments pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.

[2] The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc., 246 F. Supp.2d 394, 398 (E.D. Pa. 2002), quoting, Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Courts will reconsider an issue "when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice." Max's Seafood v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); Gen. Instrument Corp. v. Nu-Teck Elecs., 3 F. Supp.2d 602, 606 (E.D. Pa. 1998), aff'd, 197 F.3d 83 (3d Cir. 1999); NL Indus., Inc. v. Commercial Union Ins. Co., 65 F.3d 314, 324 n.8 (3d Cir. 1995). Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). "A motion for reconsideration is . . . not properly grounded on a request that a court rethink a decision it has already made." Tobin v. General Elec. Co., No. 95-4003, 1998 WL 31875, at *1 (E.D. Pa. Jan. 27, 1998). However, "reargument may be appropriate where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Johnson v. Diamond State Port Corp., 50 Fed.Appx. 554, 560 (3d Cir. 2002)(not

**IT IS FURTHER ORDERED** that Plaintiff is permitted leave to file an amended complaint to substitute Deputy Sheriffs Steven Walls and Tracey Leese for the John Doe Defendants 1-2. Plaintiff shall file his amended complaint within ten (10) days of the date of this Order.

**IT IS FURTHER ORDERED** that a telephonic Rule 16 Scheduling Conference will be held on Wednesday, May 19, 2010, at 10:00 o'clock a.m. before the undersigned. Matthew Weisberg, Esquire shall initiate the call to all Counsel involved. Lead trial counsel of record for each party shall participate in the conference.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment Pursuant to Fed. R.C.P. 56 of Defendants Berks County and the Berks County Sheriff's Department

---

precedential) (quoting Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1241 (D. Del. 1990)(internal quotations and citations omitted)).

It must first be said that, based on the lack of evidence presented by Plaintiff in his motion to amend filed February 9, 2010, this Court stands by its decision of March 10, 2010 which initially denied Plaintiff's motion. However, in his motion for reconsideration, Plaintiff specifically requested a hearing so that he could inquire, and perhaps adduce evidence, proving that the individuals, Deputy Sheriffs Steven Walls and Tracey Leese, he sought to join into this action possessed actual or constructive notice within the requisite 120-day period allowing for relation back of amendments under Rule 15(c) of the Federal Rules of Civil Procedure. This Court allowed such a hearing on May 5, 2010.

Although the Court believes that Plaintiff could have potentially put forth this evidence at an earlier date, he has now done so. At the May 5, 2010 hearing, Deputy Sheriff Steven Walls' testimony revealed that he and Deputy Sheriff Tracey Leese had actual knowledge of this action as of July 22, 2009, the date of a meeting they had with Mr. Connell, the attorney for Defendants' Berks County Sheriff's Department and Berks County. This date falls within the requisite 120-day period of for service of the summons and complaint. See Garvin v. City of Philadelphia, 354 F.3d 215 (2003), citing, Singletary v. Pennsylvania Department of Corrections, 266 F.3d 186, 194 (3d Cir. 2001). Because Plaintiff has proven actual knowledge on the parts of the individuals he now wishes to name in an amended pleading, and because any perceived prejudice to these defendants will be cured by a possible extension of the case management deadlines in this matter, we grant reconsideration and allow Plaintiff the opportunity to amend his Complaint.

(Docket No. 33) filed February 12, 2010 is **DISMISSED** without prejudice.[3]

                                  BY THE COURT:

                                  */s/ Henry S. Perkin*
                                  HENRY S. PERKIN,
                                  United States Magistrate Judge

---

[3] Defendants will be given an opportunity to file a new motion for summary judgment following Plaintiff's amendment of his Complaint. Pretrial matters, including the possibility of new case management deadlines, will be discussed at the upcoming Rule 16 conference.