IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **James Ayres** | : | |
| Plaintiff | : | NO. 09-1512 |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Tracey Leese and Stephen Walls** | : | |
| Defendants | : | |

---

**PRETRIAL STATEMENT OF DEFENDANTS,
STEPHEN WALLS AND TRACEY LEESE**

**A.     Nature of Action**

Plaintiff, James Ayres, brings this civil action under 42 U.S.C. §1983 against Berks County Deputy Sheriffs Tracey Leese and Stephen Walls arising from an incident that occurred on February 3, 2008. Plaintiff alleges that he was injured as a result of excessive use of force by the Defendants during his detention at the Berks County Central Processing Center in the Berks County Courthouse. The only claims before this Court are Excessive Force claims pursuant to the Eighth Amendment against the Defendants.

**B.     Statement of Facts**

The incident that gives rise to this Complaint occurred in the City of Reading on February 3, 2008. The Plaintiff, James Ayres, was involved in an altercation with his brother at his residence at 904 Penn Street, 2nd Floor. Reading Police officers responded during the altercation and found that Ayres was "apparently intoxicated" and struggled with them in their efforts to take him into custody. As a result of his conduct, Ayres was charged with several criminal offenses, including disorderly conduct, public drunkenness, and criminal mischief. Ayres pled guilty to those charges on March 3, 2008.

1

After he was taken into custody, Ayres was taken by Reading Police Officers to the Berks County Central Processing Center in the Berks County Courthouse. Upon arrival at Central Processing, Ayres was being uncooperative. The Reading Police Officers advised the Sheriff's Deputies why Ayres had been arrested. Ayres was then put into a holding cell in the Central Processing Center.

While Ayres was in the cell, Walls brought another detainee into the cell. When the door was opened to allow entry of the other detainee, Ayres stood in front of the door and refused to allow the door to be closed. After asking Ayres several times to step away from the door, Walls took Ayres by the arm to guide him away from the door. As they approached the bench, Ayres grabbed Walls and pulled him down, causing both to fall onto a bench in the cell.

Ayres continued to hold onto Walls. Leese was in the doorway when Ayres pulled Walls down. Leese approached and touched Ayres one time, with a taser in drive stun mode, on the side. Ayres let go of Walls and the two deputies immediately left the cell.

C.   **Monetary Damages Sought By Plaintiff**

Plaintiff seeks monetary damages for pain and suffering and injuries he alleges as a result of the subject incident.

D.   **Witnesses**

1. Deputy Sheriff Stephen Walls: Can testify regarding the facts surrounding the incident identified in Plaintiff's Complaint and the defenses of Defendants.

2. Deputy Sheriff Tracey Leese: Can testify regarding the facts surrounding the incident identified in Plaintiff's Complaint and the defenses of Defendants.

3. Plaintiff, James Ayers: Can testify regarding the facts surrounding the incident identified in Plaintiff's Complaint.

4. Deputy Warden Kimberly Bergan, Berks County Prison: Can testify about Plaintiff's admission to and records from Berks County Prison.

5. Deputy Sheriff Dave Distano. Was present on the night of the subject incident and may be able to testify about events and/or conditions on the night of the subject incident.

6. Deputy Sheriff Joe Smirko. Was present on the night of the subject incident and may be able to testify about events and/or conditions on the night of the subject incident.

7. Deputy Sheriff Mike Kauffman: Can testify about the training and operation of the Taser used by Deputy Sheriffs.

8. Any and all Reading Police Officers who were involved in the arrest, detention or transport of Plaintiff on the night of the subject incident.[1]

9. Corrections Officer Armando Torres. Was on duty at Berks County Prison on date Plaintiff was transported to that institution.

10. Berks County Prison Treatment Counselor Tara Showalter. Was on duty and interviewed Plaintiff after he was committed to Berks County Prison.

11. Jesse Kirsch, P.A. - Physician's Assistant at Berks County Prison who evaluated Plaintiff after he was committed to Berks County Prison.

12. K. Melendez M.A. – PrimeCare Medical Inc. employee that evaluated Plaintiff after he was committed to Berks County Prison.

13. Joe Stine: liability expert.

**E. Exhibits To Be Offered**

---

[1] Defendants believe the Reading Police Officers names are Jeff Stone and Eric Sweitzer, and are trying to confirm this.

1.   Berks County Sheriff's Department Incident Report dated February 3, 2008.

2.   Police Criminal Complaint and Affidavit of Probable Cause Reading Police Department OTN: L-397808-5  Docket No: CR-64-08 filed 2/3/08

3.   3/6/08 handwritten note of plaintiff of guilty plea to summary charges for CR-64-08.

4.   Certified record of Trial/Plea/Sentence from *Commonwealth of Pennsylvania v. James C. Ayers*, Court of Common Pleas of Montgomery County Criminal Docket No: 7019-92

5.   Certified Bill of Information from *Commonwealth of Pennsylvania v. James C. Ayers,* Court of Common Pleas of Montgomery County Criminal Docket No: 7019.6-92B

6.   Certified record of Trial/Plea/Sentence from *Commonwealth of Pennsylvania v. James C. Ayers,* Court of Common Pleas of Montgomery County Criminal Docket No: 738-95

7.   Certified Bill of Information from *Commonwealth of Pennsylvania v. James C. Ayers,* Court of Common Pleas of Montgomery County Docket No: 738-95

8.   Certified record of Trial/Plea/Sentence from *Commonwealth of Pennsylvania v. James C. Ayers*, Court of Common Pleas of Berks County Docket No.  3471-98

9.   Berks County Sheriff's Department Taser Policy

10.  Berks County Sheriff's Department Use of Force Policy

11.  Deposition transcript of plaintiff James Ayers dated 12/11/09.

12.  Deposition transcript of Deputy Sheriff Steven Walls dated 12/22/09

13.  Deposition transcript of Deputy Sheriff Tracey Leese dated 12/22/09

14.  Records of Plaintiff James Ayers from Berks County Prison

15.  Medical records of Plaintiff James Ayers from The Reading Hospital

16.  Medical records of Plaintiff James Ayers from The Reading Health Dispensary

17.  Medical records of Plaintiff James Ayers from David Glusko, D.O.

18.  Medical records produced by Plaintiff through discovery.

    19.    Photographs of Plaintiff James Ayers

    20.    Expert Report of Joseph J. Stine

    21.    Curriculum Vitae of Joseph J. Stine

**F.   Days Required For Trial**

It is believed that Defendants will require two days to present its case. Total time likely required for trial is approximately 4 days.

**G.   Legal Issues/Other Matters**

1. Defendants have asserted the defense of qualified immunity. Defendants are therefore requesting that qualified interrogatories [2] be submitted to the jury prior to deliberation to determine any potential dispute of facts on qualified immunity in order for the Court to make a decision on that legal issue before the case is submitted to the jury for a verdict.

2. Defendants seek to ensure that the caption on all pleadings be amended to exclude reference to any Defendants other than Deputy Tracey Leese and Deputy Stephen Walls.

Date: **November 16, 2010**                  HOLSTEN AND ASSOCIATES

                                          **s/ MJC2722**
                                          **MATTHEW J. CONNELL, ESQUIRE**
                                          **Attorney ID No.: 80246**
                                          **One Olive Street**
                                          **Media, PA 19063**
                                          **(610) 627-2438**
                                          **Attorney for Defendants:**
                                          **Stephen Walls and Tracey Leese**

---

[2] Defendants proposed qualified immunity interrogatories have been filed separately.

**CERTIFICATE OF SERVICE**

    I, Matthew J. Connell Esquire, counsel for Defendants, hereby certify that a true and correct copy of the within Pretrial Statement was served upon the following individual(s) via the electronic filing system in the United States District Court, Eastern District Of Pennsylvania on this 16th day of November, 2010.

    Matthew B. Weisberg, Esquire
Prochniak Weisberg, P.C.
7 South Morton Avenue
Morton, PA  19070

**HOLSTEN & ASSOCIATES**

**MJC2722**
**MATTHEW J. CONNELL, ESQUIRE**