**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| James Ayres | : |
| 904 Penn St, Apt. 2-Rear | : |
| Reading, PA 19602 | : |
|                 Plaintiff, | :CIVIL ACTION NO.: 09-1512 |
|     v. | : |
| | : |
| Deputy Tracey Leese and | : |
| Deputy Stephen Walls, individually | : |
| & in their Official Capacities | : |
| | : JURY OF TWELVE (12) JURORS DEMANDED |
| And | : |
| | : |
| John Does 1-10 | : |
|                 Defendants. | : |

**PLAINTIFF'S PRETRIAL STATEMENT**

**A. Nature of Action**

This is an action in custodial excessive force.

**B. Statement of Facts**

On or about February 3, 2008, Plaintiff, James Ayres, was involved in an altercation with his brother at his residence. Arising from that altercation, Plaintiff was charged with misdemeanors of which he ultimately pleaded guilty. Post-altercation, Ayres was taken into custody and placed into a holding cell in the Central Processing Center at the Berks County Courthouse.

It is Ayres' time in Central Processing which gives rise to this action.

Ayres is diabetic. While in Central Processing, Ayres began feeling the affects of his diabetes – he started feeling dizzy, his feet began tingling, his head was spinning, and his eyes were getting blurry. In response, Ayres, who was shackled in a locked cell, began pushing the help button. Ayres had been told by the guards that Ayres' repeated pushing of the help buzzer would result in his being tasered. By the fourth time Ayres had pushed the help button, he had

been in the cell for five (5) hours.  At that point, Ayres had been without his diabetic medication for thirty or so hours.  As soon as the doors opened, Ayres was hit with a taser and then tackled.

> Q. At what point did they threaten that they would taser you if you kept pressing the button?
> A. If I'm not mistaken, after the second time.
>
> Q. Describe for me when you pressed that button that last time, how soon after that did they come in and taser you?
> A. Within seconds.
>
> A. … so I was shackled and handcuffed [sic] and they tackled me onto the bench.

Ayres was also bitten on the top of his ear.

This civil rights action is factually simplistic:

(1) Plaintiff was in custody; when

(2) Plaintiff began experiencing insulin withdrawal symptoms resulting from his being without medication for thirty (30) hours while in custody for five (5) hours; so

(3) Plaintiff began hitting the help button in his cell; at which time

(4) Plaintiff was told by the guards that his ongoing hitting the help button would result in him getting tasered; but instead

(5) He kept hitting the button; whereupon the fourth (4th) time he was;

(6) Tackled by Defendant, Walls; and

(7) Tasered by Defendant, Leese; while Plaintiff was

(8) Handcuffed and shackled.

**B.  Monetary Damages Sought by Plaintiff**

Plaintiff concurs in Defendants' pretrial statement regarding the non-economic damages sought (i.e,. pain in suffering).  However, Plaintiff, if not granted those damages by the jury, also demands nominal damages.

Plaintiff also demands punitive damages.

**C. Witnesses**

1. Parties: *see*, Defendants' Pretrial Statement.

Except as objected to below, Plaintiff reserves the right to rely on Defendants' witnesses listed in Defendants' Pretrial Statement.

Plaintiff objects to those witnesses listed in Defendants' Pretrial Statement who were not previously identified pursuant to Rule 26 or in written response to interrogatories.

**D. Exhibits**

1. Pleadings, initial and supplemental disclosures, as well as written discovery and responses thereto (including interrogatories, requests for production of documents, initial disclosures, and documents underlying);
2. Medical Records; and
3. Deposition transcripts w/exhibits

Except as objected to below, Plaintiff reserves the right to rely on Defendants' exhibits listed in Defendants' Pretrial Statement.

Plaintiff objects to those exhibits listed in Defendants' Pretrial Statement which were not previously identified pursuant to Rule 26 or furnished in discovery.

**E. Days Required for Trial**

   2   days anticipated.  Plaintiff will take approximately half-day.

**F. Legal/Other Issues**

1. Objections

    A. Exhibits/Witnesses

        i. Objection-Relevance: any exhibit or witness offering evidence of Plaintiff's pre-custodial conduct or results thereof (i.e., altercation with brother, affidavit of probable cause, apparent intoxication, arrest, court hearings, conviction/plea, sentence, etc.)-this action is solely limited to Parties' custodial conduct;

        ii. Objection-Inadmissible: any arrest, conviction/plea, sentence whether or not related to the incident here giving rise;

    B. Jury Charge/Verdict Slip

        i. Objection-Qualified Immunity: Qualified Immunity is solely a legal issue which has already been adjudicated in Plaintiff's favor.

2. Issues

    A. Jury Instructions/Verdict Slip/Voir Dire

        i. Except as objected to above and below, Plaintiff, in large part, concurs in Defendants' Jury Instructions (and adopts same by reference). Plaintiff additionally propounds his own submissions in supplement (under separate cover)-to the extent those contradict Defendants' submissions, Plaintiff likewise objects to Defendants' submissions (specifically, the verdict slip).

        ii. Plaintiff objects to Defendants' "Use of Force" charges-Duplicative of Model federal instruction and likewise confusing.

    iii.    Plaintiff objects to Defendants' causation charges and interrogatory-causation is not in dispute.

    iv.    Plaintiff requests nominal and punitive damages charges and interrogatories.

    v.    Plaintiff objects to Defendants' interrogatory No. 5-duplicative and confusing in light of prior interrogatories and, further, unfairly suggestive.

B. Plaintiff's Testimony

    i.    Plaintiff is currently in prison in Maryland on an unrelated gun charge. Counsel has been granted the "prison's" approval towards Plaintiff's appearance via video-conference and respectfully requests this Honorable Court make such conferencing abilities available.

    WEISBERG LAW, P.C.

    /s/ Matthew B. Weisberg
    Matthew B. Weisberg, Esquire
    Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| James Ayres | : |
| 904 Penn St, Apt. 2-Rear | : |
| Reading, PA 19602 | : |
|                Plaintiff, | :CIVIL ACTION NO.: 09-1512 |
|     vi. | : |
| | : |
| Deputy Tracey Leese and | : |
| Deputy Stephen Walls, individually | : |
| & in their Official Capacities | : |
| | : JURY OF TWELVE (12) JURORS DEMANDED |
| And | : |
| | : |
| John Does 1-10 | : |
|                Defendants. | : |

**<u>CERTIFICATE OF SERVICE</u>**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 17 day of November, 2010, a true and correct copy of the foregoing Plaintiff's Pretrial Statement via ECF, upon the following parties:

Matthew J. Connell, Esq.
Holsten & Associates
1 Olive Street
Media, PA 19063

                                                    WEISBERG LAW, P.C.

                                                    <u>/s/ Matthew B. Weisberg</u>
                                                    Matthew B. Weisberg, Esquire
                                                    Attorneys for Plaintiff